UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA

    -v-

FERN STEPHENS,

    the defendant.

SEALED INDICTMENT

10 Cr.

**10 CRIM 1233**

------------------------------------x

JUDGE SCHEINDLIN

## COUNT ONE

(Mail Fraud)

The Grand Jury charges:

**The Defendant and Her Criminal Scheme**

1.   FERN STEPHENS, the defendant, has been an employee of the Internal Revenue Service ("IRS") from January 9, 1984, through December 2010. Since at least the early 1990s, STEPHENS has served as an IRS Revenue Officer and, in that capacity, she is responsible for the collection of taxes from both individuals and corporations. The IRS provides STEPHENS with an office at 110 West 44th Street, New York, New York, and also permits STEPHENS to work remotely from her home located in Brooklyn, New York, on a regular basis.

2.   From in or about March 2003 through in or about November 2010, FERN STEPHENS, the defendant, used her position as a revenue officer to steal taxpayer funds held by the IRS. She accomplished this by, among other things, making false entries in

an IRS system known as the Integrated Collection System ("ICS"). In these entries, she falsely documented purported requests to transfer corporate or business entity tax refunds or payments. STEPHENS then caused the IRS to issue checks, wires and credits to STEPHENS's relatives and close associates.

### The Defendant's Unlawful Accessing of Tax Records

3.  As a condition of employment, FERN STEPHENS, the defendant, was required to sign an annual certification stating that she would not access tax records maintained in IRS databases, including the Integrated Data Retrieval System ("IDRS"), except in connection with her official duties. IDRS is an electronic depository of IRS tax records, including filings, payment history, audit history, and other records related to taxpayers.

4.  In order to monitor compliance with this statutory requirement, the IRS maintains a list for each employee of restricted persons whose files the employee cannot access.

5.  In or about 2005, FERN STEPHENS, the defendant, was suspended for 30 days after she improperly accessed the tax returns of four relatives, including her niece ("Associate-1"). STEPHENS served the suspension in non-consecutive days between February 6, 2005 through April 4, 2005.

6.  After this suspension, FERN STEPHENS, the defendant, again accessed multiple tax returns for relatives,

including Associate-1 on August 5, 2008.

### The Defendant's October 2003 Fraudulent Transfer To Associate-1

7. In 2002, a Manhattan based company ("Taxpayer-1") went out of business. Thereafter, the principal of Taxpayer-1 moved from New York to Florida. As of in or about the summer of 2003, Taxpayer-1 had a credit of $3,340.20 with the IRS.

8. In October 2003, FERN STEPHENS, the defendant, made a series of ICS entries related to the $3,340.20 tax refund owed to Taxpayer-1. In the entries, STEPHENS purported to relate a conversation with Associate-1 that Taxpayer-1 was now being run as a sole proprietorship out of Associate-1's home, and that its tax refund should be paid to Associate-1 personally, rather than to Taxpayer-1. In truth and in fact, and as STEPHENS well knew, neither STEPHENS nor Associate-1 had any contact with Taxpayer-1 or its principal, and Associate-1 was not entitled to any funds belonging to Taxpayer-1.

9. On or about November 10, 2003, as a result of the false ICS entries that FERN STEPHENS, the defendant, made, on or about November 10, 2003, Taxpayer-1's tax refund of $3,340.20 was taken out of the "module" or account of the business taxpayer identification number for the company and transferred to the "module" or account of Associate-1. On or about December 8, 2003, the IRS automatically initiated payment of the $3,340.20 tax refund belonging to Taxpayer-1 to Associate-1. The check was

mailed to Associate-1 by U.S. Mail.

**The Defendant Caused 19 Additional Fraudulent Payments**

10.  From March 2003 through November 2010, FERN STEPHENS, the defendant, caused an additional 19 fraudulent credit transfers from approximately 14 taxpayer victims to seven additional individuals, each of whom was a relative or close associate of STEPHENS, as follows:

| Taxpayer | Individual Payee | Approx. Date | Amount |
| --- | --- | --- | --- |
| Taxpayer-2 | Associate-2 | 03/03/2003 | $4,153.91 |
| Taxpayer-3 | Associate-3 | 10/25/2004 | $2,301.24 |
| Taxpayer-4 | Associate-2 | 11/01/2004 | $6,017.72 |
| Taxpayer-3 | Associate-3 | 11/14/2004 | $1,846.54 |
| Taxpayer-5 | Associate-3 | 07/11/2005 | $8,904.72 |
| Taxpayer-6 | Associate-4 | 12/05/2005 | $29,945.68 |
| Taxpayer-7 | Associate-2 | 03/13/2006 | $1,763.51 |
| Taxpayer-8 | Associate-4 | 07/10/2006 | $1,574.24 |
| Taxpayer-8 | Associate-4 | 09/18/2006 | $12,055.22 |
| Taxpayer-9 | Associate-3 | 02/05/2007 | 7391/44 |
| Taxpayer-10 | Associate-5 | 05/14/2007 | $3,831.36 |
| Taxpayer-10 | Associate-6 | 05/14/2007 | $7,688.70 |
| Taxpayer-10 | Associate-5 | 07/16/2007 | $7,681.24 |
| Taxpayer-10 | Associate-6 | 07/16/2007 | $11,618.47 |
| Taxpayer-11 | Associate-1 | 09/29/2008 | $11,393.46 |
| Taxpayer-11 | Associate-7 | 09/29/2008 | $17,818.78 |
| Taxpayer-12 | Associate-6 | 02/09/2009 | $4,860.15 |
| Taxpayer-13 | Associate-8 | 05/18/2009 | $5,817.20 |

| Taxpayer-14 | Associate-6 | 11/05/2010 | $14,200.22 |
|---|---|---|---|
| | | Total: | $160,863.36 |

## Statutory Allegations

11. From in or about March 2003, through and including in or about November 2010, in the Southern District of New York and elsewhere, FERN STEPHENS, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice and attempting so to do, did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service, and did deposit and cause to be deposited a matter and thing to be sent and delivered by a private and commercial interstate carrier, and did take and receive therefrom such matter and thing, and did knowingly cause to be delivered by mail and such carrier according to the direction thereon, and at the place at which it was directed to be delivered by the person to whom it was addressed, such matter and thing, to wit, STEPHENS, while serving as a revenue officer for the Internal Revenue Service ("IRS"), made false computer entries that caused the IRS to send taxpayer monies by U.S. Mail to STEPHENS's relatives and associates.

(Title 18, United States Code, Sections 1341 and 2.)

## COUNT TWO

(Theft of Public Monies)

The Grand Jury further charges:

12. The allegations set forth in Paragraphs One through Ten are repeated and realleged as if fully set forth herein.

13. From in or about March 2003, through and including in or about November 2010, in the Southern District of New York and elsewhere, FERN STEPHENS, the defendant, unlawfully, willfully, and knowingly, did embezzle, steal, purloin, and knowingly convert to her use and the use of another, and without authority, convey money, and a thing of value of the United States and a department and agency thereof, to wit, STEPHENS fraudulently caused the Internal Revenue Service to send monies exceeding $1,000 held by the United States Treasury to her relatives and associates.

(Title 18, United States Code, Sections 641 and 2.)

## COUNT THREE

(Fraud In Connection With Computers)

The Grand Jury further charges:

14. The allegations set forth in Paragraphs One through Ten are repeated and realleged as if fully set forth herein.

15. From in or about March 2003, through and including

6

in or about November 2010, in the Southern District of New York and elsewhere, FERN STEPHENS, the defendant, unlawfully, willfully, and knowingly and with intent to defraud, did access a protected computer without authorization, and exceed authorized access, and by means of such conduct furthered the intended fraud and obtained something of value, to wit, STEPHENS accessed IRS computer systems for information on relatives and associates, where she was prohibited from accessing such information, in furtherance of her efforts to fraudulently redirect taxpayer monies to those relatives and associates.

(Title 18, United States Code, Sections 1030(a)(4) and 2).

_____
/FOREPERSON/

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

FERN STEPHENS,

Defendant.

## INDICTMENT

10 Cr. ___ (___)

(18 U.S.C. § 1341; 641; 1030(4).)

PREET BHARARA
United States Attorney.

A TRUE BILL

_____  12/13/10
Foreperson.

12/13/10  Indictment filed under seal, a/w issued
Pitman, MJ